09-0005-ag
Burton v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand and nine.

Present: ROBERT D. SACK,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

NANCY BURTON,

         *Petitioner*,

         - v. -                                    (09-0005-ag)

UNITED STATES OF AMERICA and UNITED STATES
NUCLEAR REGULATORY COMMISSION,

         *Respondents*,

ENTERGY NUCLEAR OPERATIONS, INC.,

         *Respondent-Intervenor*.

_____

For Petitioner:                    NANCY BURTON, *pro se*, Law Office of Nancy Burton, Esq., Redding Ridge, Connecticut.

For Respondents:                   JAMES ADLER, United States Nuclear Regulatory Commission, (John E. Arbab, United States Department of Justice, Environment & Natural Resources Division, Washington, D.C., *on the brief*), Rockville, Maryland.

For Respondent-
Intervenor:                        CATHERINE MASTERS, Schiff Hardin LLP, Chicago, Illinois.

Petition for review of a final decision of the United States Nuclear Regulatory Commission.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Nancy Burton challenges a decision of the United States Nuclear Regulatory Commission ("NRC"), which denied two petitions she filed in a license-renewal adjudication relating to the nuclear power facilities at Indian Point. In the first petition, petitioner applied for a waiver of certain generally applicable NRC regulations during the license-renewal adjudication in question. In the second petition, petitioner sought to intervene in the adjudication in order to present evidence that would otherwise be barred by the regulations for which she sought the waiver. The Atomic Safety and Licensing Board denied both petitions, and the NRC denied petitioner's appeal of

those conclusions.  Relying on 28 U.S.C. § 2342(4), petitioner now challenges the NRC's decision.[1]  We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our review of a final order of the NRC is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*  Pursuant to the APA, petitions for review of the NRC's decisions must be denied unless the agency's conclusions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Id.* § 706(2)(a).  Thus, our review is "narrow" and "highly deferential"; "[t]he test here is primarily one of rationality."  *County of Rockland v. U.S. Nuclear Regulatory Comm'n*, 709 F.2d 766, 776 (2d Cir. 1983) (quotations omitted).  "'If the [NRC] based its order on substantial relevant evidence, fairly ascertained, and if it has made no clear error of judgment, this court is not authorized to overturn that order.'"  *Id.* (quoting *Cross-Sound Ferry Servs., Inc. v. United States*, 573 F.2d 725, 730 (2d Cir. 1978)).

---

[1]  In the proceedings before the NRC, petitioner filed both petitions jointly, as an individual and on behalf of the Connecticut Residents Opposed to Relicensing of Indian Point ("CRORIP").  In her petition to this court, however, petitioner only signed the petition in her individual capacity.  The omission of CRORIP is immaterial to our analysis, and the same result would obtain if that organization had been named as a party to these proceedings.

Upon review of the instant petition, we conclude that petitioner has failed to demonstrate that the NRC acted arbitrarily or capriciously in denying her waiver petition. Absent such a waiver, it cannot be said that the NRC ran afoul of the APA by denying petitioner's application to intervene in the license-renewal adjudication. We have considered petitioner's remaining arguments and find them to be without merit. Accordingly, the petition is hereby **DENIED**.

For the Court
Catherine O'Hagan Wolfe, Clerk

By: _____

4